**Alan A. Lave,** OSB No. 04339
email: al@lavelave.com
LAW OFFICES OF ALAN A. LAVE, LLC
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205-2240
Telephone: (503) 228-9673
Fax: (503) 243-1188
**Martin C. Dolan,** OSB No. 87205
e-mail: martindolan@dolangriggs.com
DOLAN GRIGGS LLP
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205-2240
Telephone: (503) 228-7500
Fax: (503) 243-1188

Attorneys for Plaintiff

FILED '05 NOV 22 09:36USDC-ORE

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **MARLENE E. SUMMERS,** | Case No. 05-6357-TC |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **HUTCHINS EUGENE NISSAN, INC.,** an Oregon domestic corporation, **dba LITHIA NISSAN OF EUGENE,** | (Sex Discrimination, and Retaliation - 42 USC §2000e, *et seq.*; ORS 659A.030 *et seq.*; Age Discrimination - 29 USC §623(a); Wrongful Discharge) |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff alleges as follows:

### NATURE OF THE ACTION

1.

This is an action under Title VII of the Civil Rights Act of 1964, 42 USC §2000e-5, as amended, to vindicate plaintiff's rights to enjoy all benefits, privileges, terms and conditions of her

1 - COMPLAINT

employment without regard to gender, to be free from discrimination and retaliation on the basis of gender, and to make plaintiff whole. This is also an action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623(a) to vindicate plaintiff's rights to be free from discrimination in employment on the basis of age and to make plaintiff whole.

2.

This is also an action for violation of Oregon law pursuant to the Court's supplemental jurisdiction.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over the subject matter of this complaint pursuant to 28 USC §§1331 and 1343. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §2000e-5, as amended, and the ADEA, 29 USC §626.

4.

The Court has jurisdiction over plaintiff's state law claims set forth in this complaint under 28 USC §1367 pursuant to its supplemental jurisdiction to hear related state law claims. The state claims alleged herein arose from a common nucleus of operative fact, are related to the federal claims such that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

5.

All facts alleged herein took place in Eugene, in the District of Oregon.

///
///
///
///

2 - COMPLAINT

## PARTIES

6.

Marlene E. Summers ("plaintiff") is a resident of Eugene, Lane County, Oregon. Plaintiff is female, and was at all times qualified for her position. Plaintiff was born in 1957 and was 47 years old during her employment with defendant.

7.

Defendant Hutchins Eugene Nissan, Inc. ("defendant") is an Oregon corporation, registered to do business in Oregon. Defendant's enterprise (automotive sales and service) affects commerce and defendant employed at all material times in excess of 20 employees.

## PROCEDURAL REQUIREMENTS

8.

On or about July 7, 2005 plaintiff commenced an administrative action with the Civil Rights Division of the Oregon Bureau of Labor and Industries (BOLI) and the Equal Employment Opportunity Commission (EEOC) with regard to her claims of discrimination on the basis of age, gender, and retaliation for reporting gender discrimination. Plaintiff has timely commenced this action following receipt of a BOLI right to sue notice issued August 25, 2005 and an EEOC right to sue notice issued October 25, 2005.

## FACTS

9.

Plaintiff worked for defendant as a sales associate from March 14, 2005 to March 17, 2005.

10.

Plaintiff was discriminated against because of her gender and age. Over the course of her employment with defendant, plaintiff was subjected to offensive age-based, gender-based and sexual-based comments by defendant's Regional Sales Trainer Michael Forrest ("Forrest").

3 - COMPLAINT

Law Offices of Alan A. Lave, LLC
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205
(503) 228-9673
Fax: (503) 243-1188

11.

For instance, on plaintiff's first day of employment Forrest asked the four employees in his training class how old they were. Plaintiff replied that she was 47. When Forrest reviewed the employees' names and ages, he gave the correct age for the three male employees but when he came to plaintiff he stated, "And, we have Marlene who is not a day over 39."

12.

During a training session Forrest was also discussing right and left brain function and commented that it was eight inches from his left eye to his right eye. Forrest then looked at plaintiff and stated, "Oh, you went, didn't you?" Recognizing that Forrest was referring to the length of the male genitalia, plaintiff responded, "No, I did not" and covered her face with her sales manual. Forrest then said, "Yes, you did, you went there."

13.

Forrest also told plaintiff in a training session that "A woman doesn't do as well in this business." When plaintiff complained to Forrest about this comment Forrest replied to plaintiff that "A woman like you will have a problem with wives when trying to sell cars when a couple comes in." Plaintiff again complained to Forrest about this comment wherein Forrest replied that plaintiff would only be the second female in the region.

14.

On plaintiff's third day of employment she received the highest score in a role play conducted in Forrest's training class. Forrest told plaintiff's three male co-workers in the class that there was no way plaintiff could have scored that high and that they (the three co-workers) should be harder on plaintiff next time.

///

///

4 - COMPLAINT

Law Offices of Alan A. Lave, LLC
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205
(503) 228-9673
Fax: (503) 243-1188

15.

On plaintiff's fourth day of employment, at the start of her shift, plaintiff's employment was terminated by Ken Ota, defendant's General Sales Manager. Mr. Ota informed plaintiff that Forrest told him that "Marlene wouldn't be a good fit." Plaintiff then spoke with Forrest who stated, "Marlene, you're aggressive, assertive and have maturity and while those are good qualities to have, those who are younger and more moldable are better fits."

16.

Plaintiff then proceeded to the training classroom to say goodbye to her three male co-workers and upon leaving Forrest stated, "Marlene, go home and be a full time mom."

17.

Plaintiff the next day called Larry Pierce, defendant's General Manager, to report Forrest's statements and behavior. Plaintiff left Mr. Pierce two messages but he never returned her calls.

18.

Plaintiff was only the second female salesperson hired by defendant.

19.

Plaintiff was the oldest salesperson employed by defendant.

### PLAINTIFF'S FIRST CLAIM AGAINST DEFENDANT

(Count 1 - Sex Discrimination: 42 U.S.C. §2000e-2)

20.

Plaintiff incorporates and realleges paragraphs 1 through 19 above.

21.

Defendant discriminated against plaintiff in the terms and conditions of her employment by making gender-offensive and sexually-offensive comments to her, and ultimately terminating her employment while retaining male employees with lower performance ratings. Defendant's acts were

5 - COMPLAINT

Law Offices of Alan A. Lave, LLC
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205
(503) 228-9673
Fax: (503) 243-1188

intentional and motivated in substantial part by plaintiff's sex and thereby constitute a violation of Title VII, 42 USC §2000e-2(a)(1).

22.

As a direct result of defendant's discriminatory conduct, plaintiff has suffered lost wages in an amount to be proven at trial. Plaintiff is entitled to back pay and front pay pursuant to 42 USC §2000e-5(g), in an amount to be determined at trial.

23.

As a further result of defendant's conduct, plaintiff suffered embarrassment, humiliation, anxiety, and other emotional distress in an amount to be proven at trial, but not less than $300,000.

24.

Defendant acted with malice or reckless indifference to the rights of plaintiff to be free from gender discrimination. Plaintiff therefore requests punitive damages of not less than $300,000 pursuant to 42 USC §§1981a(a)(1) and 1981a(b).

25.

Plaintiff is entitled to her costs, disbursements, pre and post-judgment interest, and reasonable attorney fees incurred herein pursuant to 42 USC §2000e-5(k).

**(Count 2 - Retaliation: 42 U.S.C. §2000e-2 and 3)**

26.

Plaintiff incorporates and realleges paragraphs 1 through 19 above.

27.

Defendant's act of terminating plaintiff's employment was intentional and motivated in substantial part by plaintiff's sex and retaliation for plaintiff's resistance and opposition to gender discrimination, and thereby constitutes a violation of Title VII, 42 USC §2000e-2(a)(1) and 3(a).

///

Law Offices of Alan A. Lave, LLC
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205
(503) 228-9673
Fax: (503) 243-1188

28.

As a direct result of defendant's retaliation, plaintiff has suffered lost wages in an amount to be proven at trial. Plaintiff is entitled to back pay and front pay pursuant to 42 USC §2000e-5(g), in an amount to be determined at trial.

29.

As a further result of defendant's conduct, plaintiff suffered embarrassment, humiliation, anxiety, and other emotional distress in an amount to be proven at trial but not less than $300,000.

30.

In addition, defendant's acts were willful and intentional and motivated by malice and defendant should be assessed punitive damages in an amount to be proven at trial, but not less than $300,000, pursuant to 42 USC §§1981a(a)(1) and 1981a(b).

31.

Plaintiff is entitled to her costs, disbursements, pre and post-judgment interest, and reasonable attorney fees incurred herein pursuant to 42 USC §2000e-5(k).

**PLAINTIFF'S SECOND CLAIM AGAINST DEFENDANT**

**(Count 1 - Unlawful Employment Practices - Sex Discrimination: O.R.S. 659A.030)**

32.

Plaintiff incorporates and realleges paragraphs 1 through 19 above.

33.

Defendant discriminated against plaintiff in the terms and conditions of her employment by making gender-offensive and sexually-offensive comments to her, and ultimately terminating her employment while retaining male employees with lower performance ratings. Defendant's acts were intentional and motivated in substantial part by plaintiff's sex and thereby constitute a violation of ORS 659A.030(1).

7 - COMPLAINT

Law Offices of Alan A. Lave, LLC
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205
(503) 228-9673
Fax: (503) 243-1188

34.

As a direct result of defendant's actions, plaintiff has suffered lost wages in an amount to be proven at trial, and is entitled to back pay pursuant to ORS 659A.885(1).

35.

Plaintiff is entitled to her costs, disbursements, and pre and post-judgment interest in the amount of 9% per annum, and reasonable attorney fees incurred herein pursuant to ORS 659A.885(1).

**(Count 2 - Unlawful Employment Practices - Retaliation: O.R.S. 659A.030)**

36.

Plaintiff incorporates and realleges paragraphs 1 through 19 above.

37.

Defendant terminated plaintiff's employment because plaintiff complained of and opposed gender discrimination, in violation of ORS 659A.030(1)(a) and (f).

38.

As a direct result of defendant's actions, plaintiff has suffered lost wages in an amount to be proven at trial, and is entitled to back pay pursuant to ORS 659A.885(1).

39.

Plaintiff is entitled to her costs, disbursements, pre and post-judgment interest in the amount of 9% per annum, and reasonable attorney fees incurred herein pursuant to ORS 659A.885(1).

**PLAINTIFF'S THIRD CLAIM FOR RELIEF**

**(Age Discrimination: 29 U.S.C. §§ 621-634)**

40.

Plaintiff incorporates and realleges paragraphs 1 through 19 above.

///

8 - COMPLAINT

Law Offices of Alan A. Lave, LLC
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205
(503) 228-9673
Fax: (503) 243-1188

41.

Defendant terminated plaintiff's employment because of plaintiff's age, in violation of 29 USC § 623(a).

42.

As a direct result of defendant's discriminatory conduct, plaintiff has suffered lost wages in an amount to be proven at trial. Plaintiff is entitled to back pay and front pay, pursuant to §626(b).

43.

Plaintiff is entitled to her costs, disbursements, pre and post-judgment, and reasonable attorney fees incurred herein pursuant to one or more of the following: 29 U.S.C. § 626(b); 29 U.S.C. §216(b).

44.

Defendant's acts and omissions alleged herein were willful, and in addition to such other remedies to which plaintiff is entitled, plaintiff is entitled to recover liquidated damages pursuant to 29 U.S.C. §626(b).

## PLAINTIFF'S FOURTH CLAIM FOR RELIEF

### (Age Discrimination - O.R.S. 659A.030)

45.

Plaintiff incorporates and realleges paragraphs 1 through 19 above.

46.

Defendant's act of terminating plaintiff because of plaintiff's age constitutes an act of intentional discrimination against the plaintiff in violation of O.R.S. 659A.030(1).

///

///

///

Law Offices of Alan A. Lave, LLC
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205
(503) 228-9673
Fax: (503) 243-1188

47.

As a result of defendant's unlawful actions, plaintiff has suffered lost wages and certain employment benefits and is entitled to recovery for these losses in an amount to be determined at trial, pursuant to ORS 659A.885.

48.

Plaintiff is entitled to recover her costs, reasonable attorney fees, and reasonable expert witness fees pursuant to ORS 659A.885 and ORS 20.107.

49.

Plaintiff is entitled to recover pre-judgment and post-judgment interest.

## PLAINTIFF'S FIFTH CLAIM AGAINST DEFENDANT

### (Wrongful Discharge - Resisting Gender Discrimination)

50.

Plaintiff realleges and incorporates paragraphs 1 through 19 above.

51.

It is the public policy of the State of Oregon to protect employees from discrimination in the terms of their employment based on their gender, and for reporting gender discrimination, as set forth in ORS 659A.003, et seq.

52.

Defendant's discharge of plaintiff was wrongful because she was discharged in violation of public policy, in retaliation for complaining about gender discrimination. Defendant's discharge of plaintiff would thwart this public policy if left unremedied.

53.

Plaintiff does not have an existing adequate remedy at law.

///

10 - COMPLAINT

Law Offices of Alan A. Lave, LLC
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205
(503) 228-9673
Fax: (503) 243-1188

54.

Defendant's wrongful discharge of plaintiff caused plaintiff to suffer economic damages in the form of lost wages in an amount to be proven at trial.

55.

Defendant's wrongful discharge of plaintiff also caused plaintiff to suffer emotional distress for which plaintiff is entitled to noneconomic damages in an amount not less than $300,000.

56.

In addition, defendant's acts were willful and intentional and motivated by malice and defendant should be assessed punitive damages in an amount to be proven at trial, but not less than $300,000.

### JURY TRIAL DEMAND

57.

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised in this complaint.

WHEREFORE, Plaintiff prays for relief as set forth in each claim for relief, for attorney fees, expert witness fees, costs and disbursements, and pre- and post-judgment interest as applicable, and for such other additional relief in favor of plaintiff as the court deems just and appropriate.

DATED this 21st day of November, 2005.

LAW OFFICES OF ALAN A. LAVE, LLC

By: /s/ Alan A. Lave
Alan A. Lave
OSB No. 04339
503-228-9673
Attorneys for Plaintiff Marlene E. Summers

11 - COMPLAINT

Law Offices of Alan A. Lave, LLC
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205
(503) 228-9673
Fax: (503) 243-1188